(107 So. 864)

**WILLIS v. RUMMAGE.** (6 Div. 567.)

(Supreme Court of Alabama. March 25, 1926.)

**1. Deeds ⬳70(5).**

For inadequacy of price to amount to fraud warranting setting aside of deed, it must be so gross as to shock the conscience.

**2. Deeds ⬳211(3)—As respects claim of fraud, sale of timber for as much as purchaser paid for land one year earlier held not to show that land was sold at grossly inadequate price.**

As respects claim of fraud, sale of timber for as much as purchaser paid for land one year earlier does not show that land was sold at grossly inadequate price, in view of rise in value of timber lands.

**3. Deeds ⬳70(5).**

Law does not discountenance or stamp as fraud reasonable profiteering in land.

**4. Vendor and purchaser ⬳239(1)—Father's fraud in inducing daughter to withdraw purchase money deposited to her credit as proceeds of land conveyed by daughter to father and sold by him cannot be visited on innocent purchaser from father.**

Where daughter conveyed land to father, who sold it, fraud of father in causing daughter to withdraw her share of purchase money deposited to her credit cannot be visited on innocent purchaser from father.

Appeal from Circuit Court, Lamar County; R. L. Blanton, Judge.

Bill in equity by Nancy E. Rummage against John C. Willis. From a decree for complainant, respondent appeals. Reversed and rendered.

R. G. Redden, of Vernon, for appellant.

Her disabilities of nonage having been removed, appellee was fully competent to convey real estate. Code 1907, §§ 4505, 4509. It was therefore error to decree the deed to appellant void.

Wilson Kelley, of Vernon, for appellee.

Notice to the minor of petition to remove disabilities is necessary. 32 Cyc. 453; Mitchell v. Allen, 2 Stew. & P. 247; Boykin v. Edwards, 21 Ala. 263. The decree should be affirmed. Kidd v. Cruse, 76 So. 59, 200 Ala. 293; 21 C. J. 971, 1033.

ANDERSON, C. J. The bill of complaint in its original form sought a partition of certain lands between the parties. It was

---

amended by seeking to set aside two deeds, one from complainant to her father, and the other being a deed from her father to the respondent, Willis. The bill as amended also sought to cancel a decree of the chancery court rendered in 1918 relieving the complainant of the disabilities of nonage upon the ground that she had no notice of the proceedings as required by section 8282 of the Code of 1923. We think that the weight of the evidence shows that a copy of the petition was served on her, and a discussion of the details or corroborative facts can serve no good purpose.

[1] Upon the question of fraud, no fraud whatever is shown on the part of the father in purchasing the land from complainant and other heirs, as he gave them practically all of the purchase money for which he immediately sold the land to Willis, less a very small sum for his life estate. True, there is much conflict in the evidence as to the value of the land, but, in order for inadequacy of price, in and of itself, to amount to fraud, it should be so gross as to shock the conscience.

[2, 3] We do not think that the evidence shows that the price for which the land was sold was grossly inadequate at the time. True, Willis sold the timber a little over a year afterwards for as much as he paid for the land, but this may have been the most valuable part of the property. It is also commonly known that lands, and especially timber lands, rose in price by leaps and bounds from 1918 to 1920. Moreover, the law does not discountenance or stamp as fraud a reasonable profiteering.

[4] As to the charge of fraud of the father in causing complainant to withdraw her share of the money from the bank, we are not disposed to hold that she has clearly established this fact; but this we need not decide, for if this was true it could not be visited upon this respondent, who was, to this extent, an innocent purchaser. In other words, it was not up to him to guard and protect the complainant's part of the purchase money after it had been paid and placed in bank to her credit.

The decree of the chancery court is reversed, and one is here rendered dismissing the bill of complaint.

Reversed and rendered.

SAYRE, GARDNER, and MILLER, JJ., concur.